JANE MORRISON and Others, as Administrators, etc., of CHARLES L. CROSBY, Deceased, Respondents, *v.* THE GRIFFIN CORNERS WATER COMPANY, Appellant.

Third Department, December 29, 1919.

Corporations — conduct of business of corporation by sole stockholders in individual names does not make them copartners — liability of corporation for moneys advanced by administrators of deceased stockholder — evidence — personal transaction with decedent — section 829 of Code of Civil Procedure applied.

The fact that the owners of practically all of the capital stock of a corporation conduct the business thereof in a loose and irregular manner and in their individual names, and neglect to perform the ordinary corporate functions in the manner provided by law, does not make them copartners in reference to the business.

In an action against a corporation by the administrators of a deceased stockholder to recover moneys advanced by them to pay the obligation of the decedent under a joint note previously given by him and another stockholder who owned substantially all the stock in equal portions, in order to procure money to pay a note of the corporation, the other stockholder is prevented by section 829 of the Code of Civil Procedure from testifying that he delivered to the decedent bonds of the corporation in payment, which is alleged as a defense.

Testimony of the other stockholder that he transferred the bonds to someone is not evidence that he transferred them to the decedent.

A verdict of the jury in favor of the plaintiffs was not against the weight of the evidence.

There are no comparative degrees in reference to the requirements of section 829 of the Code of Civil Procedure making testimony as to personal transactions with a decedent incompetent.

APPEAL by the defendant, The Griffin Corners Water Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Delaware on the 15th day of February, 1919, upon the verdict of a jury, and also from an order entered in said clerk's office on the 13th day of February, 1919, denying defendant's motion for a new trial made upon the minutes.

*George A. Speenburgh* [*Palmer Canfield, Jr.,* of counsel], for the appellant.

*O'Connor & O'Connor* [*Charles R. O'Connor* and *E. E. Howe,* of counsel], for the respondents.

WOODWARD, J.:

Back in the year 1887 Emerson Crosby, father of plaintiffs' intestate, and Augustus H. Todd started a small water works system for the village of Fleischmanns or Griffin Corners, in Delaware county. In 1893 Emerson Crosby died, leaving Charles L. Crosby, plaintiffs' intestate, as his only heir. From that time Mr. Todd and Charles L. Crosby conducted the water works as a corporation, under the name of the Griffin Corners Water Company. On the 26th of May, 1916, Charles L. Crosby died. The affairs of the water company appear to have been conducted somewhat informally, Mr. Todd transacting the most of the business in his own name, with periodical settlements with Mr. Crosby, but it can hardly be said that they were in any proper sense copartners. They appear to have owned substantially all of the shares of stock in equal portions, but the corporation was not changed by this fact, and they did not become partners merely because they neglected to perform the ordinary corporate functions in the manner provided by law.

It appears without dispute that in the year 1910 the defendant water company borrowed $10,000 from the Cooperstown Bank, and that in January, 1914, the bank demanded payment of the amount then due. On the 29th day of January, 1914, Mr. Todd and Mr. Crosby made a joint note for the

sum of $8,000 to the State of New York National Bank of Kingston, N. Y., each contributing collateral, and each of them appears to have advanced $1,000, thus making up the amount due to the Cooperstown Bank, which sum was paid over and the note was canceled. On the 24th of February, 1914, Mr. Todd paid $500 on this note, and about a year later made a second payment of $500, together with payments of interest, but whether this was an individual payment, or whether from the funds of the corporation (which concededly were mingled with his private funds) does not appear.

Subsequent to the death of Mr. Crosby the State of New York National Bank of Kingston, N. Y., demanded payment of the note for $8,000, less the amount of the payments, and there is no dispute that the plaintiffs, as administrators of the estate of Mr. Crosby, paid one-half of the amount outstanding, retiring the note against the defendant. This action is brought to recover this amount, and the jury has found a verdict in favor of the plaintiffs for the amount involved. There is no doubt of the right of the plaintiffs to this verdict and the resulting judgment, unless the defendant has established the defense of payment.

It appears from the evidence offered in support of the defense pleaded that in June, 1914, the defendant held a meeting for the purpose of authorizing a bond issue of $10,000; that such bonds were subsequently issued, and that Mr. Todd received ten of these of the par value of $500 each, and while he was not permitted to testify that he delivered any part of these obligations to Mr. Crosby, he did testify that he delivered them to some one, and the contention of the appellant is that, under the facts and circumstances shown, the inference should have been drawn that Mr. Crosby received one-half of the bonds in payment of his obligation upon the note given originally to the Cooperstown Bank.

We are unable to agree with the appellant in this contention. It was called upon to establish an affirmative issue; to show that the debt, represented by a joint note, was paid to the plaintiffs' intestate before he was called upon to discharge his obligations to the bank. It may be that in the loose manner of conducting the affairs of the corporation the obligations were issued and placed in the hands of Messrs. Todd

and Crosby before the joint note was paid, but it would be a rather extraordinary way of doing, and we think there are no presumptions in support of such a theory, and the testimony of Mr. Todd that he transferred the bonds to some one is not evidence that Mr. Todd transferred them to Mr. Crosby. If the affairs of the corporation had been carried on according to law there would be a record of the transaction which would show what became of the bonds, and, in the absence of such a record, and in the absence of any competent evidence that the bonds were transferred to Mr. Crosby, and that they were transferred to him for the purpose of discharging the indebtedness to the banks, or to reimburse him for the payment of such indebtedness, we see no ground for holding that the verdict of the jury is against the weight of the evidence.

It is not questioned that the ruling upon the testimony of Mr. Todd as to a presonal transaction with the decedent is correct; it is suggested that the rule in this particular case was " applied too strictly." But it seems to us that if it is once conceded that the testimony offered was improper, there is no degree of it which may be proper. The witness was incompetent to testify as to a personal transaction between himself and the decedent and we know of no comparative degrees in reference to the requirements of section 829 of the Code of Civil Procedure.

The judgment and order appealed from should be affirmed.

Judgment and order unanimously affirmed, with costs.